UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ZEPHANIAH S. EDWARDS.
*Plaintiff*,

v.

BLAND MANAGEMENT, *et al.*,
*Defendants*.

No. 1:24-cv-00335-MSN-LRV

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Summary Judgment (ECF 69), which Plaintiff has not opposed, and Plaintiff's Motion for Summary Judgment (ECF 72). Because there is no genuine dispute as to any material fact and that Defendants are entitled to judgment as a matter of law, the Court will grant summary judgment in favor of Defendants and deny Plaintiff's motion.

I.   BACKGROUND

A.   **Undisputed Material Facts**[1]

Defendant Anne Bland is the owner and operator of several McDonald's franchises in Virginia and Maryland, including a restaurant on Pickett Road in Fairfax, Virginia (the "Pickett Road McDonald's"). ECF 70 at 4. On December 13, 2022, Plaintiff was hired as a crew member at the Pickett Road McDonald's after an earlier interview with Defendant Claudia Aguilar. *Id.* at

---

[1] Plaintiff has not filed an opposition to Defendant's motion for summary judgment, and has not in any filing cited to evidence in the record to create a dispute of material fact. Accordingly, the Court "may assume that the facts identified by the moving party . . . are admitted." Local Civ. R. 56(B).

   The Court also notes that the Clerk of Court on October 11, 2024 received a binder containing materials that appear to relate to the above-captioned matter. Those materials were not filed with the Clerk of Court as part of the case, nor do they appear to have been shared with Defendants in accordance with the parties' joint Rule 26(f) plan and the Magistrate Judge's Rule 16(b) Order. *See* ECF 22, ECF 27. Neither party referenced this binder or its contents at the October 17, 2024 final pretrial conference or in subsequent briefing. Accordingly, the Court has not considered the binder or its contents in ruling on the parties' motions for summary judgment.

4-5. During her interview, Plaintiff had expressed a preference for overnight shifts, but the restaurant required her to first complete three days of training during the daytime. *Id.* at 5.

Defendant Kathy Murray, a hiring manager, interviewed and provided orientation for Plaintiff on December 13, during which time Plaintiff agreed to a starting wage of $13.25 per hour. *Id.* at 5-6. Plaintiff began her training on December 19. *Id.* at 6. On December 20, 2022, Plaintiff began hands-on training but complained about the uniform requirement of wearing a hat and apron. *Id.* The next day Plaintiff expressed frustration to Murray about wearing the hat and about being trained during the day shift. *Id.* at 7. She also expressed similar concerns to Defendant Charlotte Bossi, Bland Management's HR manager. *Id.*

On December 27, 2022, Plaintiff contacted Bossi to report that other employers had called her derogatory names, but did not provide specific details when asked. *Id.* at 8. During the same call Plaintiff stated that during her December 13 orientation with Murray, Aguilar had called her the "N" word when Murray had briefly stepped out at the restaurant. *Id.* Bossi then arranged for an urgent meeting between Plaintiff and Aguilar. *Id.* The meeting occurred that same day and Plaintiff maintained that Aguilar had called her the slur. *Id.* at 9. Following the meeting, Bossi reviewed security-camera footage from December 13, 2022 showing Ms. Aguilar never spoke to Plaintiff while Ms. Murray was outside the restaurant, and interviewed another new hire who said that Aguilar never used the slur. *Id.*

On December 30, Plaintiff called Murray to tell her she did not want to return to work until the investigation was complete. *Id.* On January 3, 2023, Plaintiff came to Bland Management's office for a meeting that included Anne Bland, Bossi, Murray, and Aguilar, and reviewed the findings of the investigation. *Id.* at 10. Murray explained that there was no evidence to corroborate Plaintiff's allegations. *Id.* Plaintiff reviewed the evidence, then stood up and left the room. *Id.*

Because she was waiting until the results of the investigation before returning to work, Plaintiff had no shifts scheduled as of January 3. *Id.* After she left the meeting that day, Plaintiff made it clear she did not want to return to work with Bland Management. *Id.* at 10-11. Plaintiff requested a transfer to a McDonald's location in Vienna Virginia, but that restaurant was not owned or operated by Bland Management. *Id.* at 11.

**B.     Procedural History**

After exhausting her administrative remedies, Plaintiff filed a complaint in the United States District Court for the District of Columbia on November 15, 2023. ECF 1. She filed an amended complaint on December 27, 2023. ECF 6. On March 1, 2024, that Court transferred her case here. ECF 8.

Plaintiff's amended complaint alleged violations of Title VII of the Civil Rights Act of 1964, including by Defendants' failure to hire, unlawful termination, unequal terms and conditions of employment, retaliation, and "pay and wage/training discrimination/harassment." ECF 6 at 3. Plaintiff's statement of facts claimed that Ms. Aguilar called her the "N" word during her orientation at the Pickett Road McDonald's, that other Hispanic kitchen employees created a hostile work environment, that she was only paid $13.25 per hour instead $15.00 as she claimed she was promised, and that she was not given an opportunity to defend herself after the internal investigation. *Id.* 7-10.

Defendants answered the amended complaint on April 22, 2024, ECF 15, after which time the parties engaged in discovery. Following the close of discovery, Defendants moved for summary judgment on November 22, 2024. ECF 69. Plaintiff filed a motion for summary judgment that same day. ECF 72. The Court notified Plaintiff three days later that her failure to oppose Defendants' motion could result in the entry of judgment against her. ECF 74. Plaintiff nevertheless failed to respond to Defendant's motion.

## II. LEGAL STANDARD

A movant is entitled to summary judgment if it shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law on those facts. Fed. R. Civ. P. 56(a).

Under Title VII, covered employers may not "discharge any individual, or otherwise . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In a Title VII case involving race discrimination, a plaintiff may prove her case either with direct evidence of an intent to discriminate, or via the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *White v. Federal Express Corp.*, 939 F.2d 157, 160 (4th Cir. 1991). Under that framework, a plaintiff must first establish a prima facie case of employment discrimination or retaliation, after which the burden of production shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the action, at which point the burden shifts back to the plaintiff to prove that the employer's reason is pretextual. *Guessous v. Fairview Prop. Invs.*, 828 F.3d 208, 216 (4th Cir. 2016).

## III. ANALYSIS

Because Plaintiff has not opposed Defendant's motion or pointed to any evidence in discovery, there are no factual disputes for the Court to resolve. The only question is whether Defendants are entitled to summary judgment on their undisputed material facts. As Defendants point out, Plaintiff has presented no direct evidence of unlawful discrimination on account of her race. ECF 70 at 12. Therefore, the *McDonnell-Douglas* framework applies to each of Plaintiff's

claims. Because Plaintiff has failed to make a prima facie case as to each, summary judgment is warranted.

### A.     Individual Defendants

First, Plaintiff is not entitled to pursue her claims against any party other than Bland Management. Title VII only prohibits discrimination by an "employer." 42 U.S.C. § 2000e-2(a)(1). Co-workers or supervisors "are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Serv.*, 159 F.3d 177, 180 (4th Cir. 1998). Because the undisputed material facts establish an employment relationship only between Plaintiff and Bland Management, summary judgment is warranted as to the individual defendants, regardless of whether the evidence supports a claim against Bland Management.

### B.     Failure-to-hire

Plaintiff first brings a failure-to-hire claim. ECF 6 at 3. One element of a prima facie case in a failure-to-hire claim is that the plaintiff was rejected for the position to which she applied. *Brown v. McClean*, 159 F.3d 898, 902 (4th Cir. 1998). But Plaintiff was hired for the position with the Pickett Road McDonald's. Therefore, she cannot state a prima facie case for failure-to-hire.

### C.     Unlawful Termination

Similarly, Plaintiff cannot prevail on her unlawful termination claim because she was not terminated. That is, she cannot show that "she suffered adverse employment action" at Defendants' hands. *Lettieri v. Equant Inc.*, 478 F.3d 640, 646 (4th Cir. 2007). As the undisputed material facts establish, Defendants did not fire Plaintiff, but she simply failed to show up for work or schedule any future shifts after her employer's investigation. ECF 70 at 10-11.

### D.     Unequal Terms and Wage/Training Discrimination

Plaintiff has also claimed that her training, payment terms, and uniform requirements were imposed in a discriminatory manner. However, the undisputed material facts show that all new

employees at the Pickett Road McDonald's were required attend daytime training regardless of whether they were working night shifts, that the training wage of $13.25 was company policy, and that Plaintiff's uniform requirements were the same as all other employees' in her position. ECF 70 at 15. Therefore, there was no adverse employment action and Plaintiff has not presented a Title VII claim based on the terms of her employment.

### E. Hostile Work Environment

To the extent that Plaintiff's claims involve a hostile work environment—based on her allegations of the use of the "N" word and harassment by Hispanic employees—they fail as well. To prevail on a hostile work environment claim, a plaintiff must show that they were (1) harassed on account of their membership in a protected class; (2) the harassment was unwelcome; (3) that the harassment was so severe or pervasive to create an abusive work environment; and (4) that liability for the harassment may be imputed to the plaintiff's employer. *Smith v. First Union Nat. Bank*, 202 F.3d 234, 241 (4th Cir. 2000). But each of Plaintiff's examples of alleged harassment amount to simple "conclusory statements, without specific evidentiary support" in the record before this Court. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998). Moreover, the undisputed facts show that Bland Management took immediate efforts to address Plaintiff's concerns and conducted a thorough investigation that included review of security-camera footage and interviews with other employees. ECF 70 at 19-20. Because these actions were "prompt and either effective or proportional to the seriousness" of the alleged harassment, any harassment is not imputable to Plaintiff's employer. *EEOC v. Xerxes Corp.*, 539 F.3d 658, 675 (4th Cir. 2011) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 667 (4th Cir. 1998)).

### F. Retaliation

To make a prima facie case for retaliation under Title VII, a plaintiff must show that her employer took adverse action against her. *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405-

406 (4th Cir. 2006). As described above, the undisputed material facts show no such action occurred.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion. It will also deny Plaintiff's motion because she has failed to supply factual support for her factual assertions in accordance with Fed. R. Civ. P. 56. It is herby

**ORDERED** that Defendant's Motion for Summary Judgment (ECF 69) is **GRANTED**; and it is further

**ORDERED** that that Plaintiff's Motion for Summary Judgment (ECF 72) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Correct a date in a prior filing (ECF 85) is **DENIED** as moot.

The Clerk is directed to enter judgment in favor of the Defendants in accordance with Rule 58, to forward copies of this Order to Plaintiff, *pro se*, and to close this civil action.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

It is **SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

February 4, 2025
Alexandria, Virginia